UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
WOMEN FOR AMERICA FIRST,                                    :
                              Plaintiff,                    :
                                                            :         20 Civ. 5746 (LGS)
            -against-                                       :
                                                            :         ORDER
                                                            :
DE BLASIO, et al.,                                          :
                              Defendants.                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on July 24, 2020, Plaintiff commenced this action, alleging that Defendants permitted the painting of a "mural" on a public street, reading "Black Lives Matter," on the morning of July 9, 2020.  *See* Complaint at ¶¶ 15-16.  On the evening of July 9, 2020, Plaintiff submitted a request to Defendants to paint a mural of its motto on a New York City street -- "Engaging, Inspiring and Empowering Women to Make a Difference!" -- but did not receive a response.  *See id.* at ¶¶ 18, 20.  Plaintiff brings a claim under 42 U.S.C. § 1983, alleging Defendants have deprived and continue to deprive Plaintiff of its First Amendment Rights by, *inter alia*, permitting New York City streets to be used for the painting of partisan political messages, denying Plaintiff the timely opportunity to use New York City streets to paint its own political or expressive message and failing to provide a reasonable basis for denying Plaintiff the opportunity to paint its own political or expressive message on a New York City street.  *See id.* at ¶¶ 28.

      WHEREAS, on August 13, 2020, pro se non-party Towaki Komatsu filed a letter "request[ing] to be granted intervention as of right pursuant to Federal Rule of Civil Procedure ('FRCP') Rule 24(a)(2) or permissive intervention pursuant to FRCP Rule 24(b) in order to

intervene" in this action "as an interested party or to appear in it as an amicus curiae in the alternative."  *See* Dkt. No. 11 at 1.

WHEREAS, the letter asserts that Mr. Komatsu's application "is largely in furtherance of facilitating the public's right to evidence and befitting its interest in all of the following:

- Paying respect to military veterans.
- Widely exposing judicial misconduct.
- Exposing voter suppression and voter fraud.
- Government transparency.
- Government accountability.
- Public safety.
- Combating wage-theft and slumlords."

Dkt. No. 11 at 4.

WHEREAS, the letter also asserts that Mr. Komatsu "would like the outcome of this case to allow all members of the public to . . . [be] able to immediately and indefinitely paint, draw, and/or write messages, ideas, and images that convey expression on whichever sidewalks, roadways, parks, and public passageways in New York City whenever they want without having to apply for any permit . . . while such messages, ideas, and images will also receive the same protection by the NYPD and prosecutors that has been accorded to 'Black Lives Matter' messages that appear on roadways in New York City."  *See id*. at 8.  Mr. Komatsu further proposes the following messages: "VETERANS LIVES FUCKING MATTER!!!" and "FUCK HRA AND URBAN FOR MURDERING A DISABLED MILITARY VETERAN."  *See id*. at 14-15.

WHEREAS, the letter also alleges that Mr. Komatsu was "harassed" by a federal court security officer at the Daniel Patrick Moynihan federal courthouse on August 7, 2018, *see id.* at 8, that Mr. Komatsu was "criminally assaulted" inside the Daniel Patrick Moynihan federal courthouse on August 8, 2018, *see id*. at 10, that certain federal Judges "illegally didn't intervene

on" Mr. Komatsu's behalf in a separate case, *see id.* at 10-12, that the Mayor's office illegally concealed a public resource fair meeting in Kew Gardens, Queens on July 18, 2017, *see id.* at 12, that the Mayor and a member of the NYPD "illegally made physical contact with a backpack" worn by Mr. Komatsu at the July 18, 2017, meet, *see id*. at 12-13, and that the landlord of Mr. Komatsu's residence engaged in criminal negligence by depriving a resident of an air conditioner, *see id*. at 13-14.

WHEREAS, "[i]ntervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).  "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application."  *Sec. Pac. Mortg. & Real Estate Servs., Inc. v. Republic of Philippines*, 962 F.2d 204, 208 (2d Cir. 1992) (internal citation omitted); *accord Sec. & Exch. Comm'n v. AmTrust Fin. Servs., Inc.*, No. 20 Civ. 4652, 2020 WL 4390745, at *2 (S.D.N.Y. July 31, 2020).

WHEREAS, "[p]ermissive intervention may be granted when an applicant's claim or defense and the main action have a question of law or fact in common.  When considering a request for permissive intervention, a district court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561-62 (2d Cir. 2005) (internal quotation marks and citations omitted).  The Second Circuit has recognized "the broad discretion of the district court when considering permissive intervention," and that "a denial of permissive intervention has virtually

never been reversed." *Id.* at 561 (internal quotation marks and citation omitted); *accord Calderon v. Clearview AI, Inc.*, No. 20 Civ. 1296, 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020).

WHEREAS, "[t]here is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an *amicus* brief in the district court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (alteration in original, internal quotation marks and citation omitted). "As such, the decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court." *Id*. "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Id*. at *2 (internal quotation marks and citation omitted).

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an *amicus* brief should be denied.

*Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 466 (E.D.N.Y. 2019) (internal citation omitted). It is hereby

ORDERED that Mr. Komatsu's motion to intervene pursuant to Rule 24(a)(2) is DENIED. Mr. Komatsu does not satisfy the second requirement, *i.e.*, that "the applicant asserts an interest relating to the *property or transaction that is the subject of the action*." *MasterCard Int'l Inc.*, 471 F.3d at 389 (emphasis added). Mr. Komatsu asserts no interest in Plaintiff's right to paint a mural of its motto on a New York City street or the alleged deprivation of that right caused by Defendants' denial of Plaintiff's request to do so. *See id*. Rather, the alleged violations of Mr. Komatsu's rights are unrelated to Plaintiff's claim beyond Mr. Komatsu's stated desire to publicize those violations by painting various messages on public surfaces throughout New York City. As Mr. Komatsu can bring a separate cause of action relating to any

claims he may have against Defendants, these claims are not grounds for intervention as of right. *See Sec. Pac. Mortg. & Real Estate Servs., Inc.*, 962 F.2d at 208 ("Nico . . . admits that these other causes can be brought in a separate action and thus are not grounds for intervention as of right."). It is further

ORDERED that, for the same reasons, Mr. Komatsu's motion to intervene pursuant to Rule 24(b) is also DENIED. It is further

ORDERED that Mr. Komatsu's motion for leave to appear as amicus curiae is DENIED. The parties in this case are and will be represented by able counsel, and Mr. Komatsu does not appear to be in possession of any unique information or perspective that would assist the Court.

Dated: August 18, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**