```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  WOMEN FOR AMERICA FIRST,                  :
                           Plaintiff,       :
                                            :
            -against-                       :         20 Civ. 5746 (LGS)
                                            :
                                            :              ORDER
  DE BLASIO, et al.,                        :
                           Defendants.      :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 13, 2020, pro se non-party Towaki Komatsu filed a letter "request[ing] to be granted intervention as of right pursuant to Federal Rule of Civil Procedure ('FRCP') Rule 24(A)(2) or permissive intervention pursuant to FRCP Rule 24(b) in order to intervene" in this action "as an interested party or to appear in it as an amicus curiae in the alternative." Dkt. No. 11 at 1.

WHEREAS, on August 18, 2020, the Court issued an Order denying Mr. Komatsu's request on grounds including that, (1) Mr. Komatsu failed to assert an "interest in Plaintiff's right to paint a mural of its motto on a New York City street or the alleged deprivation of that right caused by Defendants' denial of Plaintiff's request to do so" and (2) Mr. Komatsu could "bring a separate cause of action relating to any claims he may have against Defendants." Dkt. No. 12 at. 4-5.

WHEREAS, on September 15, 2020, Mr. Komatsu filed, pursuant to FRCP 60, a request for reconsideration of the Court's denial at Dkt. No. 12. Dkt. No. 26.

WHEREAS, "[a] motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth*

*Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

**ORDERED** that Mr. Komatsu's motion for reconsideration is **DENIED**.  Mr. Komatsu has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104.  Specifically, Mr. Komatsu has not identified any changes of law or availability of new evidence that suggest that he has an interest in Plaintiff's right to paint a mural of its motto on a New York City street or the alleged deprivation of that right caused by Defendants' denial of Plaintiff's request to do so.  Further Mr. Komatsu has neither identified any changes of law or availability of new evidence that suggest he could not separately pursue any claims he has against Defendants, nor pointed to any facts sufficient to demonstrate a need to correct a clear error or prevent manifest injustice.

Dated: September 17, 2020
  New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**